IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC D. MOSLEY, | No. 2:21-CV-02138-KJM-DMC-P |
| Petitioner, | |
| v. | ORDER |
| PAUL THOMPSON, et al., | |
| Respondents. | |

Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge as provided by to Eastern District of California local rules.

On September 6, 2022, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein.  No objections to the findings and recommendations have been filed.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").  Having reviewed the file, the court writes separately to explain its basis for granting respondent's motion to dismiss.

The magistrate judge characterizes respondent's motion to dismiss as seeking dismissal "for lack of jurisdiction." ECF No. 18 at 1. The court disagrees with this characterization of the motion. Respondent seeks dismissal on two grounds: first, that petitioner failed to exhaust administrative remedies; and second, that petitioner is not eligible for the reductions he seeks in his sentence under the Omnibus Criminal Justice Reform Amendment Act (OCJRAA) because his commitment offense was committed in 2008 and "OCJRAA covers offenses committed between 6/22/94 and 8/4/00." ECF No. 14 at 2. Neither contention implicates the court's jurisdiction.

Exhaustion of administrative remedies prior to seeking relief under 28 U.S.C. § 2241 is a "prudential" requirement, "not a 'jurisdictional prerequisite.'" *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Moreover, a petition under 28 U.S.C. § 2241 is the proper vehicle for a challenge to the Federal Bureau of Prison's calculation of a prison sentence. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Respondent contends petitioner is not eligible for sentence calculation under OCJRAA because his commitment offense post-dates the period to which OCJRAA applies. This contention goes to the legal sufficiency of petitioner's claim, not the court's jurisdiction to entertain it. Respondent has presented evidence to support the finding petitioner is not entitled to sentence calculation under OCJRAA because his commitment offense post-dates the period covered by OCJRAA. *See* ECF No. 14-1 at 6-7.

Respondent's motion to dismiss will be granted on the ground that as a matter of law the facts alleged in the petition do not entitle petitioner to relief. *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on September 6, 2022, are adopted only to the extent consistent with this order;

2. Respondents' unopposed motion to dismiss, ECF No. 14, is granted;

3. All other pending motions, ECF Nos. 12 and 13, are denied;

2

4. This action is dismissed for failure to state a claim for relief. *See* Rules 1(b), 4, 28 U.S.C. foll. § 2254; and

5. The Clerk of the Court is directed to enter judgment and close this file.

DATED: January 12, 2023.

_____<br>
CHIEF UNITED STATES DISTRICT JUDGE